```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


David A. Alvarado,              )
                                )
        Plaintiff,              )
                                )
                                )
    v.                          )   No. 25 C 989
                                )
                                )
The Raymond Corporation, Drew   )
Enterprises LLC, and Bay State  )
Milling Company,                )
                                )
        Defendants.             )
```

Memorandum Opinion and Order

David A. Alvarado filed this suit in the Circuit Court of Will County, Illinois after sustaining injuries while operating a forklift as part of his employment with Bay State Milling Company. He brings several state-law tort claims against Bay State Milling, the Raymond Corporation, and Drew Enterprises LLC. Raymond removed the suit under 28 U.S.C. §§ 1441 and 1446, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. Raymond then moved to dismiss the counts against it under Federal Rule of Civil Procedure 12(b)(6). Bay State Milling has appeared in the case and moved to dismiss the counts against it. Drew Enterprises has not yet appeared and, according to Raymond's amended notice of removal, was not served by the time of removal.

Before considering Raymond's motion to dismiss, I must determine whether I possess subject-matter jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (observing that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (citation omitted)). As the proponent of federal jurisdiction, Raymond bears the burden of demonstrating its presence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Raymond asserts jurisdiction is proper under 28 U.S.C. § 1332, but fails to adequately allege the citizenship of Drew Enterprises. As a limited liability company, Drew Enterprises is a citizen of every state of which its members are citizens. *See RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). Yet the amended notice of removal fails to identify these members or their citizenships, stating only that Drew Enterprises is "listed as an Illinois limited liability company with its principal place of business in Bolingbrook, Illinois." Am. Not. of Removal, ECF 2 ¶ 11. That is plainly insufficient. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenship must be *revealed*." (emphasis and brackets in original) (citation omitted)).

2

Raymond argues in its amended notice of removal that the citizenship of Drew Enterprises is immaterial in any event because it was fraudulently joined.[1] The fraudulent joinder doctrine "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (footnote omitted) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). Fraudulent joinder is "difficult to establish" and a defendant relying on it "faces a heavy burden" to demonstrate its applicability. *Id.* at 764 (citations and internal quotation marks omitted). The defendant "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original) (citation omitted). In other words, the

---

[1] If Drew Enterprises is an Illinois citizen, removal may be improper under the forum defendant rule in addition to any concerns regarding diversity jurisdiction. *See Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) ("A defendant removing a case on diversity grounds must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the 'additional hurdle' of 28 U.S.C. § 1441(b)(2), or the 'forum defendant rule.'" (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)). However, that obstacle is overcome by the fact that at the time of removal Drew Enterprises apparently had not been served. *See* 28 U.S.C. § 1441(b)(2) (applying only to defendants "properly joined and served").

defendant must show the plaintiff has no "reasonable possibility of success" against the nondiverse defendant. *Schur*, 577 F.3d at 764.[2]

Raymond offers the following explanation for why Alvarado has no chance of success against Drew Enterprises:

> Plaintiff alleges Drew Enterprises is a forklift maintenance company, but conversations with both Drew Enterprises and Bay State Milling indicate Drew Enterprises is merely a real estate holding company with no involvement in plaintiff's accident or forklift maintenance. On January 24, 2025, counsel for Raymond spoke with the registered agent from Drew Enterprises who advised that Drew Enterprises did not have any role in plaintiff's accident. Rather, Drew Enterprises merely owns a neighboring property to Plaintiff's accident location at Bay State Milling. On January 27, 2025, a representative from Bay State Milling also indicated Drew Enterprises had no involvement with plaintiff's alleged accident. On January 27, 2025, counsel for Raymond requested evidence from counsel for Plaintiff supporting his basis for liability against Drew Enterprises and has yet to receive a response. Counsel for Raymond has been unable to locate a website for Drew Enterprises.

Am. Not. of Removal ¶ 15.

These bare statements are insufficient to overcome the allegations in Alvarado's complaint regarding Drew Enterprises' connection to his accident. *See* Compl., ECF 2 ¶ 3 (identifying Drew Enterprises as "a material handling equipment supplier"); *id.*

---

[2] As many courts have observed, though the doctrine is called "fraudulent joinder," "proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). "[A]ll that's required is proof that the claim against the nondiverse defendant is utterly groundless." *Id.*

¶¶ 35-36 (alleging that the forklift at issue was "sold to, warranted, rented, leased, and purchased by" Drew Enterprises); *id.* ¶ 41 (alleging Drew Enterprises "contracted to purchase, warrant, inspect, secure, repair, fix, and maintain" the forklift used by Alvarado). With all questions of fact and law resolved in Alvarado's favor, *see Poulos*, 959 F.2d at 73, Raymond has not shown Alvarado's claims against Drew Enterprises are "utterly groundless," *Walton*, 643 F.3d at 999.

Raymond's failure to establish that Drew Enterprises was fraudulently joined would be fatal to federal jurisdiction (assuming that Raymond cannot alternatively allege consistent with Rule 11 that Drew Enterprises is not an Illinois citizen). Before concluding that it has failed to do so, however, I will give Raymond 30 days to file either a second amended notice of removal or a brief explaining why jurisdiction is proper. In doing so, it should bear in mind that in some limited circumstances, evidence may be helpful in evaluating a claim of fraudulent joinder, though it is sometimes inappropriate to consider if it goes to the merits of the claim. *See, e.g.*, *Valles v. Pleasant*, No. 1:22-cv-6484, 2023 WL 4999845, at *5 (N.D. Ill. Aug. 4, 2023) ("In evaluating a claim of fraudulent joinder, a court may in some circumstances pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony; therefore, a limited use of affidavits and other evidence is permissible so long as the

5

evidence is not used to pre-try the case." (cleaned up)). Alvarado may respond to Raymond's submission within 21 days after it is filed.

                                        **ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

                                        **Elaine E. Bucklo**
                                United States District Judge

Dated: June 2, 2025