```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


David A. Alvarado,                )
                                  )
          Plaintiff,              )
                                  )
                                  )
     v.                           )    No. 25 C 989
                                  )
                                  )
The Raymond Corporation, Drew     )
Enterprises LLC, and Bay State    )
Milling Company,                  )
                                  )
          Defendants.             )
```

Memorandum Opinion and Order

Based on injuries he suffered while operating a forklift in the course of his employment at defendant Bay State Milling Company, David A. Alvarado brought this suit in Illinois state court. Defendant Raymond Corporation removed the case to federal court under the diversity jurisdiction, arguing in its notice of removal that (1) the forum defendant rule posed no barrier to removal because defendant Drew Enterprises LLC, an Illinois citizen, was not properly served at the time of removal and (2) Drew Enterprises' citizenship should be ignored for jurisdictional purposes because it was fraudulently joined.

I concluded that Raymond had not carried its heavy burden to show fraudulent joinder, but gave it the opportunity to submit an additional brief, with evidence if appropriate, supporting its

position. Alvarado was given the opportunity to respond. For the reasons explained below, I conclude that Drew Enterprises was fraudulently joined such that I may exercise jurisdiction over this case. I also deny Raymond's motion to dismiss.

I.

Raymond, as the removing party, bears the burden of demonstrating jurisdiction. *See Ray v. Tabriz*, 110 F.4th 949, 953 (7th Cir. 2024) ("The party seeking removal to federal court must establish that removal is proper." (citation omitted)). It has now come forward with evidence sufficient to establish that Drew Enterprises is indeed an Illinois citizen.[1] Dumycz Affidavit, ECF 38-1 ¶ 3 ("Drew Enterprises, LLC has one sole member, Paul Lombardo. Paul Lombardo is a citizen of Illinois.").

A.

Raymond argues that the forum defendant rule provides an "independent ground[] for federal jurisdiction based on diversity of citizenship." Raymond Br., ECF 38 at 1. That rule prohibits removal to federal court if one or more properly joined and served defendants is a citizen of the state in which suit is brought. 28 U.S.C. § 1441(b)(2). Raymond argues that Drew Enterprises was not

---

[1] Raymond's argument is that Drew Enterprises' citizenship should be ignored in any event. Nonetheless, its citizenship is material because, if it were not an Illinois citizen, I would have no occasion to undertake the fraudulent joinder analysis, and even if I did it would be inconclusive as to jurisdiction.

2

properly served at the time of removal, so its citizenship is immaterial to the jurisdictional analysis. This argument reflects a misunderstanding of the forum defendant rule. The rule poses an "additional hurdle" to removal, but it does not function to independently confer a federal court with subject-matter jurisdiction where it is otherwise lacking. *Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)). In other words, even if Raymond is right that Drew Enterprises was not properly served at the time of removal and that the forum defendant rule therefore does not apply, it must still show that Drew Enterprises was fraudulently joined such that its Illinois citizenship can be ignored. Given the disposition regarding fraudulent joinder reached below, it is unnecessary to determine whether the forum defendant rule applies in this case.

B.

If, as Raymond claims, Drew Enterprises was fraudulently joined, then I may disregard its citizenship, assume jurisdiction over the case, dismiss Drew Enterprises, and retain jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Raymond "faces a heavy burden" to show fraudulent joinder, *id.* at 764, because it "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*

3

*v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original) (citation omitted); *see also Schur*, 577 F.3d at 764 (proponent must show plaintiff has no "reasonable possibility of success" against in-state defendant); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (proponent must show "that the claim against the nondiverse defendant is utterly groundless").

In addition to taking the complaint's allegations as true and resolving legal and factual issues in plaintiff's favor, this inquiry may be guided by "'summary judgment-type evidence such as affidavits and deposition testimony.'" *Elrod v. Bayer Corp.*, No. 19 cv 06048, 2020 WL 4284416, at *2 (N.D. Ill. July 27, 2000) (quoting *Peters v. AMR Corp.*, No. 95 C 588, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995)). In using such evidence, however, I must be careful not to "pre-try" the case. *Id.; see also Smith v. Phillip Morris USA Inc.*, No. 18 C 06397, 2019 WL 4750119, at *3 (N.D. Ill. Sept. 30, 2019). "A summary judgment-like inquiry is permissible when it presents the court with 'jurisdictional facts establishing the propriety of summarily dismissing the defendant, not with evidence going to the merits of [the] [p]laintiffs' claim.'" *Valles v. Pleasant*, No. 1:22-cv-6484, 2023 WL 4999845, at *5 (N.D. Ill. Aug. 4, 2023) (quoting *Momans v. St. John's Nw. Mil. Acad.*, No. 99 C 8510, 2000 WL 33976543, at *4 (N.D. Ill. Apr. 20, 2000)).

Alvarado's complaint says that Drew Enterprises is "a material handling equipment supplier," Compl., ECF 2 ¶ 3, that "contracted to purchase, warrant, inspect, secure, repair, fix, and maintain motorized pallet jacks," including the forklift used by Alvarado, *id.* ¶ 41. Alvarado further alleges that Drew Enterprises "hired a third party or was otherwise responsible for the sale, warranty, construction, installation, repair, inspection, and maintenance" of the forklift at issue. *Id.* ¶ 44. Drew Enterprises also was allegedly responsible for complying with building codes and ensuring its operations met state and federal safety standards, *id.* ¶ 50, providing "employees and users of the equipment with appropriate personal protective equipment (PPE) and other safety equipment/guards minimizing the risk of injury," *id.* ¶ 52, and training employees on safe operation of its forklifts, *id.* ¶ 53.

Raymond has submitted an affidavit from a manager at Drew Enterprises which states that Drew Enterprises "has no affiliation with, or connection to, Bay State Milling Company," Alvarado's employer, "located at 279 Beaudin Blvd, Bolingbrook, Illinois 60440," where Alvarado alleges the accident at issue took place. Dumycz Aff., ECF 38-1 ¶ 5. The affidavit further states that Drew Enterprises did not supply forklifts or other material handling equipment to Bay State, and that it has never been "involved in the sale, supply, maintenance, or inspection of material handling

5

equipment, including forklifts and/or motorized pallet jacks," nor has it ever "entered into a contract to purchase, warrant, inspect, secure, repair, fix and maintain any piece of material handling equipment" including forklifts. *Id.* ¶¶ 5-6. In other words, Drew Enterprises has no connection with the property where the accident occurred or the equipment that allegedly caused it.

Alvarado argues that the statements in this affidavit amount to substantive denials of the complaint's allegations, precluding it from use in the fraudulent joinder analysis. However, in *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653 (7th Cir. 1992), the Seventh Circuit affirmed the district court's finding of fraudulent joinder where an in-state defendant's "uncontradicted affidavit, essentially stating that he has had absolutely nothing to do" with the suit was "sufficient to establish fraudulent joinder." *Id.* at 655; *see also Blockinger v. Reach Med. Holdings, Inc.*, No. 09-cv-1805, 2009 WL 3617530, at *3 (N.D. Ill. Oct. 28, 2009) (same). Where, as here, an in-state defendant declares under penalty of perjury that it has no connection with a suit, that fact strikes at the core of federal courts' jurisdiction.

Put differently, the affidavit establishes that Drew Enterprises owed Alvarado no duty, which is jurisdictional in this context. *See Elrod*, 2020 WL 4284416, at *2 ("'In tort cases, the existence of a duty between the non-diverse defendant and the

6

plaintiff may be considered a jurisdictional fact, which can be established by a defendant's uncontradicted sworn statement.'" (quoting *Dillon v. Naman, Howell, Smith & Lee, PLLC*, 18 C 470, 2018 WL 2933602, at *5 n.7 (N.D. Ill. June 12, 2018))); *Hernandez v. Home Depot, U.S.A., Inc.*, No. 05 C 5693, 2006 WL 1647438, at *2 (N.D. Ill. June 5, 2006) (finding fraudulent joinder where a defendant, "through affidavits and exhibits, has established that [the in-state defendant] never owned, possessed, operated, controlled, or maintained the property on which plaintiff was injured and thus can owe no duty to the plaintiff").

In light of the uncontradicted affidavit in this case, I conclude that Drew Enterprises was fraudulently joined. Accordingly, Drew Enterprises is dismissed from the suit, which may proceed in federal court under diversity jurisdiction.

II.

With the matter of jurisdiction settled, I turn to Raymond's motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). Similar to the allegations against Drew Enterprises, Alvarado alleges that Raymond contracted to inspect, repair, and maintain the forklift he used, and that its failure to do so led to his injury. Compl. ¶¶ 9, 29. He alleges that Raymond knew or should have known that the forklift at issue "had a missing guard," which created a dangerous condition, *id.* ¶ 15, and that the forklift was in disrepair and malfunctioning, *id.* ¶¶ 10–11,

7

13-14. He further alleges Raymond was responsible for complying with building codes and safety standards and supplying personal protective equipment to users of the forklift, but that it failed to do so. *Id.* ¶¶ 18-20. Based on these and other allegations, Alvarado maintains Raymond is liable for negligence. He also brings a product liability claim against Raymond, who manufactured the forklift at issue. *Id.* ¶¶ 33, 37.

Raymond argues that both claims should be dismissed because Alvarado fails to identify which Raymond product injured him. In its view, there are four potential candidates: (1) a R45TT Forklift, (2) a R30TT Forklift, (3) a Raymond End-Controlled Rider, or (4) a Motorized Pallet Jack. I disagree that the complaint suggests each of these is an independent candidate or that Alvarado is claiming that one of four separate objects injured him. Rather, Alvarado alleges that he was injured while operating "a R45TT Forklift and/or Raymond R30TT Forklift," which he says are "hereinafter referred to as a motorized pallet jack and Raymond End Controlled Rider." *Id.* ¶ 7. In other words, Alvarado claims that he was injured by a single forklift and he sometimes refers to that forklift using the terms "motorized pallet jack" and "Raymond End Controlled Rider." As for whether the forklift was a R45TT Forklift or R30TT Forklift, that detail can wait for discovery; the complaint is sufficiently specific for Raymond to be on notice of the nature of the claims against it. *See Orr v.*

8

*Shicker*, ---F.4th---, Nos. 24-1171, 24-1197, 2025 WL 2233788, at *4 (7th Cir. 2025) ("[A] defendant must be given 'fair notice of what the claim is and the grounds upon which it rests.'" (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009))).

In this respect, Alvarado's case differs from *Weddle v. Smith & Nephew, Inc.*, No. 14 C 09549, 2016 WL 1407634 (N.D. Ill. Apr. 11, 2016), where the court dismissed a product liability claim because the complaint identified distinct products and alleged that one or more of them was to blame for her injury. *Id.* at *5. Here, by contrast, Alvarado has identified a single product that caused his injury, leaving only the question of what specific model it was: either a R45TT Forklift or a R30TT Forklift. This case is also distinguishable from *Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883 (N.D. Ill. 2014), where the court dismissed a product liability claim because the plaintiff's "sole allegation" regarding the product's shortcoming was that it was "defective." *Id.* at 888-89. Here, Alvarado alleges that the forklift "had a missing guard," Compl. ¶ 15, and that Raymond failed to "provide functioning buttons, vent holes, screws, pistons, and releases" which would have prevented the hazard, *id.* ¶ 37(e).

Alvarado has made out plausible claims, pleading enough to put Raymond on fair notice. While operating the forklift (which is one of two specific models), he was "jerked out of" the forklift and his left foot got caught between a pole and the forklift. *Id.*

9

¶ 7. He identifies specific features that would have prevented the injury and otherwise sufficiently alleges that Raymond was negligent in its maintenance and manufacture of the forklift. Accordingly, Raymond's motion to dismiss is denied.

III.

For the foregoing reasons, Drew Enterprises is dismissed as fraudulently joined and Raymond's motion to dismiss is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 29, 2025

10